**THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEDIDIAH BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18 CV 5180 |
| | ) | |
| vs. | ) | Judge Wood |
| | ) | |
| OFFICER DE LEON (Star #16360), | ) | |
| OFFICER SHAFER (Star #17177), | ) | |
| OFFICER ALVAREZ (Star #16131), | ) | JURY DEMAND |
| OFFICER ARRINGTON (Star #16330), | ) | |
| OFFICER GUEBARA (Star #17147), | ) | |
| OFFICER VASQUEZ (Star #17910), | | |
| OFFICER BROWN (Star #2235), and the | | |
| CITY OF CHICAGO, a municipal | | |
| corporation, | | |

Defendants.

## COMPLAINT

**NOW COMES** the Plaintiff, Jedidiah Brown, by and through his attorneys, Erickson & Oppenheimer, complaining against the Defendants, Officers De Leon, Shafter, Alvarez, Arrington, Guebara, Vasquez, and Brown, individually, and the City of Chicago, a municipal corporation, as follows:

## INTRODUCTION

1.     This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

## JURISDICTION

2.     The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the Judicial Code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

## VENUE

3.      Venue is proper under 28 U.S.C. Section 1391 (b). All of the parties reside in this judicial district and the events described herein all occurred within this district.

**THE PARTIES**

4.      The Plaintiff, Jedidiah Brown, resides in the Northern District of Illinois.

5.      The Defendants, Officers De Leon, Shafter, Alvarez, Arrington, Guebara, Vasquez, and Brown (hereinafter "Defendant Officers"), were at all relevant times duly appointed police officers of the City of Chicago, and at all relevant times were acting within their scope of employment and under color of law.

6.      Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, which operated the Chicago Police Department. At all times relevant to the events complained of herein, Defendant City of Chicago was the employer of the Defendant Officers.

**FACTS**

7.      On or about July 19, 2018, Plaintiff was in the area of 71st Street and Jeffrey Boulevard in Chicago, Illinois participating in a protest of an earlier fatal police shooting.

8.      The Plaintiff was not committing and had not committed any crimes.

9.      The Defendant Officers approached another protestor on scene.

10.      Thereafter, without lawful justification or excuse, one of the Defendant Officers struck Plaintiff.

11.      The foregoing Defendant Officer seized Plaintiff's arm and twisted it behind his back.

12.      Some of the Defendant Officers repeatedly struck Plaintiff about his body without lawful justification or excuse.

13.    The Defendant Officers handcuffed the Plaintiff, and continued striking him after he was handcuffed.

14.    While select Defendant Officers engaged in the use of force as set forth above, the remaining Defendant Officers were present and failed to intervene to prevent their co-defendants' misconduct despite having a reasonable opportunity to do so.

15.    The handcuffs were placed on Plaintiff's wrists extremely tightly.

16.    Plaintiff was placed in a police vehicle.

17.    Before the vehicle departed the scene, Plaintiff made multiple complaints to the Defendant Officers regarding the placement of the handcuffs and the pain he was feeling, and he also requested medical attention for his injuries, including without limitation a serious injury to his wrist he had sustained due to the Defendant Officers' actions.

18.    The Defendant Officers took no action to address the Plaintiff's complaints or requests for attention for his serious medical condition on scene.

19.    After several minutes of waiting in the vehicle on the scene, the Plaintiff was transported to the police station, whereupon his handcuffs were eventually removed in lockup.

20.    While at the police station and before any probable cause hearing, Plaintiff continued to make multiple requests for medical attention for his serious medical condition to the Defendant Officers and lockup staff.

21.    Plaintiff's requests were ignored for some time until paramedics were eventually called.

22.    Plaintiff was transported by ambulance to the University of Chicago Medical Center.

23.    While at the University of Chicago, the Defendant Officers interfered with Plaintiff's medical treatment and did not allow for a thorough examination of Plaintiff's complaints or injuries.

24. Plaintiff was taken back to the police station after his hospital visit.

25. Because he was not allowed a thorough examination at the University of Chicago Medical Center and because his injuries continued to bother him, Plaintiff resumed his requests for medical attention.

26. Again, the Defendant Officers and lockup staff ignored multiple requests by Plaintiff for medical attention for some time until they eventually transported him to Provident Hospital.

27. Once again, while at Provident Hospital, the Defendant Officers again attempted to interfere with Plaintiff's medical treatment and prohibited a through evaluation of Plaintiff's complaints.

## COUNT I—EXCESSIVE FORCE/FAILURE TO INTERVENE (Section 1983)

28. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

29. The actions of the Defendant Officers as set forth hereto constitute excessive force and failure to intervene against Plaintiff, thus violating his rights under the United States Constitution and 42 U.S.C. Section 1983.

30. Said actions of the Defendant Officers were intentional, willful and wanton and committed with reckless disregard for Plaintiff's rights.

31. Said actions of the Defendant Officers were objectively unreasonable under the circumstances.

32. As a direct and proximate consequence of the Defendant Officers' conduct, the Plaintiff suffered damages, including without limitation violations of his constitutional rights, emotional anxiety, fear, pain and suffering, and monetary expense.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants De Leon, Shafter, Alvarez, Arrington, Guebara, Vasquez, and Brown, jointly and severally, for an award

of reasonable compensatory and punitive damages, plus attorney's fees and costs.

## COUNT II– BATTERY (state law claim)

33.     Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

34.     The conduct of the Defendant Officers resulted in offensive physical contact with the Plaintiff made without his consent, thus constituting battery under Illinois law.

35.     The Defendant Officers' actions proximately caused the Plaintiff to suffer injuries, including without limitation bodily harm as well as pain and suffering.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants De Leon, Shafter, Alvarez, Arrington, Guebara, Vasquez, and Brown, jointly and severally, for an award of reasonable compensatory and punitive damages, plus costs.

## COUNT III— OBJECTIVELY UNREASONABLE TREATMENT (Section 1983)

36.     Plaintiff hereby incorporates all previous paragraphs 1-26 as though fully set forth herein.

37.     As described more fully above, while Plaintiff was held by the Defendant Officers, as well as other City employees, they failed to timely provide him with necessary medical attention and interfered with the medical attention when it was ultimately provided.

38.     As a direct and proximate consequence of the unjustified and unconstitutional actions of the Defendant Officers and other City employees, Plaintiff suffered injuries, including without limitation pain and emotional distress.

39.     The conduct of these individuals violated the United States Constitution in that it was objectively unreasonable for them to ignore Plaintiff's medical needs.

40.     Said actions of the Defendant Officers were intentional, willful and wanton and committed with reckless disregard for Plaintiff's rights.

41.     Said actions of the Defendant Officers were objectively unreasonable under the circumstances.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants De Leon, Shafter, Alvarez, Arrington, Guebara, Vasquez, and Brown, jointly and severally, for an award of reasonable compensatory and punitive damages, plus attorney's fees and costs.

## COUNT IV—INDEMNIFICATION

42. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

43. At all relevant times, Defendant City of Chicago was the employer of the Defendant officers.

44. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

45. At all relevant times, the Defendant Officers were employees of the City of Chicago who acted within the scope of their employment in committing the misconduct described herein.

**WHEREFORE**, should one or more of the Defendant Officers be found liable on one or more of the federal claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant(s), plus attorneys' fees and costs awarded and such other and additional relief that this Court deems equitable and just.

## COUNT V—*RESPONDEAT SUPERIOR*

46. Each of the paragraphs above is incorporated by reference as though fully stated herein.

47. In committing the acts alleged in the preceding paragraphs, the Defendant Officers

were agents of the City of Chicago and were acting at all relevant times within the scope of their employment.

48. Defendant City of Chicago is liable as principal for all torts committed by its agents.

**WHEREFORE**, should one or more of the Defendant Officers be found liable on one or more of the state claims set forth above, Plaintiff demands that, pursuant to *respondeat superior*, Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant(s), as well as costs awarded.

<u>**JURY DEMAND**</u>

The Plaintiff requests a trial by jury.

<u>**NOTICE OF ASSIGNMENT**</u>

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

Respectfully submitted,

<u>/s/ Michael Oppenheimer</u>

Erickson & Oppenheimer, Ltd.
223 W. Jackson, Suite 200
Chicago, IL 60606
312-327-3370